**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HASIHOLAN SIMBOLON, a.k.a. Robert Agustinus, a.k.a. Robert Hasiholan Slimbolon, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71806 <br><br> Agency No. A078-020-378 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Robert Hasiholan Simbolon, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

With respect to Simbolon's claims based on Christianity, the BIA did not abuse its discretion in denying Simbolon's motion to reopen as untimely where the motion was filed over three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Simbolon failed to present sufficient evidence of changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence of changed circumstances must be qualitatively different from what was presented at the prior hearing).

With respect to Simbolon's claims based on the murder of his relatives and his fear of his former employee, the BIA did not abuse its discretion in denying Simbolon's motion to reopen, because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for asylum, withholding of removal, or CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam).

**PETITION FOR REVIEW DENIED.**